UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DWIGHT MOSS, SR.,

                              Plaintiff,                         Case # 21-CV-6063-FPG

        v.                                                       DECISION AND ORDER

VERMONT ASSOCIATES FOR
TRAINING AND DEVELOPMENT,
*doing business as* Associates for Training
and Development,

                              Defendant.
_____

## INTRODUCTION

On January 22, 2021, Plaintiff Dwight Moss, Sr., brought this action against Defendant

Vermont Associates for Training and Development, alleging race, color, gender, and disability

discrimination.  ECF No. 1.   On October 29, 2021, Defendant filed a motion to dismiss pursuant

to Federal Rule of Civil Procedure 12(b)(5).  ECF No. 7.  It contends that Plaintiff failed to properly

serve it with the summons and complaint.  *See* ECF No. 7-1.  Plaintiff did not directly respond to

the motion, but instead filed what he styles a request for judicial notice.  *See* ECF No. 9 at 1.  For

the reasons that follow, Defendant's motion is GRANTED.

## BACKGROUND

Plaintiff alleges that Defendant is a "non-profit corporation" in the business of conducting

job training programs.  ECF No. 1 ¶ 6.  Plaintiff claims that he was denied admission into one of

these programs due to either his race, color, gender, or disability.  *Id.* ¶¶ 26, 34.  On May 18,

2021—116 days after filing the complaint—Plaintiff sent the Court a request for additional time

to serve the summons.  ECF No. 2.  The Court granted the request and gave Plaintiff until June 24, 2021 to serve the summons and complaint.  ECF No. 3.

On June 21, 2021, Plaintiff filed the executed summons.  ECF No. 4.  Claudia Moss is listed as the server.  *Id.* at 2.  The form is incomplete, but the Court gathers that on June 18, 2021, Claudia Moss personally served the summons on "John Lowe" at the Rochester office of Barclay Damon, LLP.  *Id.*  Apparently, she served this law firm on the belief that one of its attorneys, Scott P. Rogoff, was Defendant's counsel.  *Id.*

With its motion to dismiss, Defendant included an affidavit from Attorney Rogoff.  ECF No. 7-1.  He affirms that he represented Defendant in connection with a related administrative action Plaintiff brought against it.  *Id.* ¶ 9.  He states that John Lowe is his law partner but "never had any involvement with [the] matter."  *Id.*  Attorney Rogoff relays the following concerning service:

> [O]n or about June 18, 2021, someone apparently acting on Plaintiff's behalf came to [my] office and handed my law partner, John Lowe, a summons only.  There was no complaint attached to the summons. . . .  Since there was no Complaint attached to the Summons, and in any event, [I] confirmed with [Defendant's] representatives that they had not received either a Summons or Complaint, the Summons was a nullity and we took no further action.

*Id.* ¶¶ 9-10.  Attorney Rogoff avers that Defendant did not appoint him, Attorney Lowe, or "any other attorney at Barclay Damon, LLP, as its agent for the purpose of receiving service."  *Id.* ¶ 13. Furthermore, "Plaintiff has never been advised by [the firm] that we have been authorized to accept service of process on behalf of [Defendant]."  *Id.*

In his response to the motion, Plaintiff does not allege any facts to challenge Attorney Rogoff's version of events.  *See generally* ECF No. 9.

**DISCUSSION**

"Rule 12(b)(5) permits a party to move for dismissal of a complaint based on inadequate service of process." *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016). "When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (internal brackets omitted). "In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons." *George*, 221 F. Supp. 3d at 432.

Under Rule 4, a corporation may be served either (1) in the manner provided under state law "for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1); *see also* Fed. R. Civ. P. 4(h)(1)(A); or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B). "Section 311(a)(1) of the New York Civil Procedure Law and Rules [] authorizes service upon a corporation through 'an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service.'" *Kumer v. Hezbollah*, No. 18-CV-7449, 2020 WL 6146622, at *1 (E.D.N.Y. Oct. 20, 2020) (quoting N.Y. C.P.L.R. § 311(a)(1)).

In this case, Plaintiff has failed to establish that service was sufficient. The uncontroverted evidence before the Court is that only Attorney Lowe was served, and even then, he was only given the summons. *See* ECF No. 7-1 ¶ 9; *see also* Fed. R. Civ. P. 4(c)(1) (stating that the summons "must be served with a copy of the complaint"). There is no evidence that Attorney Lowe—or any other attorney at Barclay Damon, LLP—is an officer, managing agent, or other agent authorized by appointment or law to receive service on Defendant's behalf for purposes of Rule

4(h).  The mere fact that the firm has represented or is representing Defendant is not enough to establish such authorization.  *See, e.g.*, *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990) ("[S]ervice of process on an attorney not authorized to accept service for his client is ineffective."); *Macon v. Corr'l Med. Care, Inc.*, No. 12-CV-6150, 2015 WL 4604018, at *3 (W.D.N.Y. July 30, 2015) ("[S]imply serving in the capacity of attorney, or representing the client previously, does not render the attorney an agent for service of process."); *Broman v. Stern*, 567 N.Y.S.2d 829, 830 (2d Dep't 1991) ("An attorney is not automatically considered the agent of his client for the purposes of the service of process.").  Accordingly, Plaintiff has failed to demonstrate that he has properly served Defendant.  *See Dickerson*, 604 F.3d at 752.

Under Rule 4(m), a court "must dismiss the action without prejudice" or "order that service be made within a specified time" if a "defendant is not served within 90 days after the complaint is filed."  Fed. R. Civ. P. 4(m).  "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id.*  In this case, Plaintiff has not articulated, and the Court cannot discern, any good cause for his failure to timely and properly serve Defendant.  *See* ECF No. 9.  Plaintiff's *pro se* status does not relieve him of this burden.  *See Jordan-Rowell v. Fairway Supermarket*, No. 18-CV-1938, 2019 WL 570709, at *6 (S.D.N.Y. Jan. 16, 2019) ("Courts generally weigh a plaintiff's *pro se* status in favor of granting an extension, but, in this case, Plaintiff has not made any showing of good cause for her failure to effect adequate service of process." (internal citation omitted)), *report & recommendation adopted by* 2019 WL 568966 (Feb. 12, 2019).

The Court recognizes that it also has the discretionary authority to "excuse untimely service even in the absence of good cause."  *George*, 221 F. Supp. 3d at 447.  Factors to consider include: "(1) whether any applicable statutes of limitations would bar the action once refiled; (2)

4

whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service." *Id.*   These factors do not favor an extension. On the first factor, it is not entirely clear whether Plaintiff's claims would be barred if the action were dismissed, as Plaintiff does not identify when the underlying conduct occurred. *See generally* ECF No. 1.  With respect to the Title VII claims, they may be barred in light of the fact that Plaintiff allegedly received his right-to-sue letter in October 2020.  *See id.* ¶ 9; *Minette v. Time Warner*, 997 F.2d 1023, 1026-27 (2d Cir. 1993) ("A Title VII action must be brought within 90 days of receipt of an EEOC right-to-sue letter.  In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the 90–day limitations period." (internal citation omitted)).  Consequently, Plaintiff would suffer prejudice without an extension.  On the second and third factors, there is no evidence that Defendant had actual notice of the claims or attempted to conceal the defect in service.  On the fourth factor, Defendant does not identify any prejudice it would suffer from an extension, though to the extent Plaintiff's claims would otherwise be time-barred, this factor favors Defendant's position.  *See Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 421 (S.D.N.Y. 2013) ("[E]xtending the service period beyond the statute of limitations period for the action imposes a corresponding prejudice on defendants.").

Considering all of these factors, and recognizing the potential prejudice to Plaintiff, the Court remains persuaded that an extension is unwarranted.  The absence of any reasonable explanation for the manner of and delays in service, Plaintiff's failure to meaningfully respond to Defendant's motion, and the delays that have already occurred due to the failure to properly effectuate service all militate in favor of dismissal rather than extension.

Accordingly, this action is dismissed without prejudice pursuant to Rule 12(b)(5).  *See Pierre v. Macy's, Inc.*, No. 16-CV-2556, 2018 WL 10127013, at \*4 (E.D.N.Y. Mar. 29, 2018) ("Where a *pro se* plaintiff has failed to effectuate timely service, courts have typically held that dismissal without prejudice is appropriate.")

## CONCLUSION

For the reasons stated herein, Defendant's motion to dismiss under Rule 12(b)(5) (ECF No. 7) is GRANTED, insofar as Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff's "request for judicial notice" (ECF No. 9) is DENIED AS MOOT.  The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated: December 15, 2021
      Rochester, New York

HON. FRANK P. GERACI, JR.
District Judge
United States District Court

6